IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL A. MERINAR,<br><br>    Plaintiff,<br><br>  v.<br><br>N. GRANNIS, et al.,<br><br>    Defendants. | No. C 04-4003 JSW (PR)<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |

      Plaintiff Russell A. Merinar, a formerly incarcerated state prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983 regarding the conditions of his confinement at the Correctional Training Facility.  After Plaintiff filed a motion seeking a settlement meeting regarding this case (docket no. 61), the Court referred the case to Magistrate Judge Vadas for mediation proceedings through the Pro Se Prisoner Early Settlement Program.  However, after a settlement conference was scheduled between Plaintiff and Defendants' counsel with Magistrate Judge Vadas on August 16, 2007, Plaintiff failed to appear or to contact the Court regarding his non-appearance.  According to the report from Magistrate Judge Vadas, Plaintiff also failed to appear for his deposition with Defendants' counsel scheduled for the same day.

      A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).  But such a dismissal should be only when the failure to comply is unreasonable. *See id.; see, e.g., Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (dismissal under Rule 41(b) proper when plaintiff, given the opportunity to amend or be dismissed, did nothing; but dismissal improper when plaintiff made affirmative choice

not to amend and clearly communicated that choice to court because there has been no disobedience to a court's order and plaintiff has right to stand on the pleading). A court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987).

As such, the Court now orders Plaintiff to show cause within **twenty (20) days** of the date of this order why the case should not be dismissed for failure to prosecute based on his failure to attend the Court ordered settlement proceeding. Plaintiff must also inform the Court of his continued intent to prosecute this action. Should Plaintiff fail to timely file a response to the Court's order, the complaint will be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: September 5, 2007

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERINAR,<br><br>        Plaintiff,<br><br>  v.<br><br>GRANNIS et al,<br><br>        Defendant.<br>_____/ | Case Number: CV04-04003 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 5, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jordan S. Stanzler
Stanzler Funderburk & Castellon LLP
180 Montgomery Street, 17th Floor
San Francisco, CA 94104

Russell Arlen Merinar
1507 W. Pico Blvd. #40
Los Angeles, CA 90015

Dated: September 5, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk